**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA**

| | | |
|---|---|---|
| Connie E. Lee Living Trust, et. al., | ) | |
| | ) | |
| Plaintiffs, | ) | **ORDER DENYING DEFENDANT** |
| | ) | **JAMES LEBENTHAL'S MOTION** |
| vs. | ) | **TO DISMISS** |
| | ) | |
| James B. Lebenthal, and DOES | ) | Case No. 1: 20-cv-130 |
| 1 to 10, inclusive, | ) | |
| | ) | |
| Defendants. | ) | |

Before the Court is Defendant James Lebenthal's motion to dismiss for failure to state a claim filed on August 14, 2020.  See Doc No. 11.  The Connie E. Lee Living Trust, Connie Lee, and Donald Lee filed a response in opposition to the motion on September 4, 2020.  See Doc. No. 20.  The Defendant filed a reply brief on September 18, 2020.  See Doc. No. 25.  For the reasons set forth below, the motion to dismiss for failure to state a claim is denied.

## I.    BACKGROUND

Plaintiff Connie E. Lee Living Trust ("Lee Trust") is a trust organized under the laws of the State of North Dakota and established on November 21, 2011.  The Trust acts by and through its co-trustee plaintiffs Connie E. Lee and Donald Lee ("the Lees") [1].  The Lees are a married couple, both residing in North Dakota, and at the relevant time, were over the age of sixty-five years old.

Defendant James B. Lebenthal is a resident of the State of New York and was Chief Investment Officer and Chief Executive Officer of Lebenthal Asset Management ("LAM").  Defendant Alexandra Lebenthal is a resident of the State of New York and was President and Chief

---

[1] Collectively, the Trust, Connie Lee, and Donald Lee will be referred to as "Plaintiffs."

Executive Officer of Lebenthal Holdings, LLC ("Holdings").  James and Alexandra Lebenthal were both officers and shareholders of Holdings; Holdings is the parent company of LAM.  On December 15, 2020, Alexandra Lebenthal was dismissed from this action for lack of personal jurisdiction.  See Doc. No. 31.

In the complaint, the Plaintiffs allege James and Alexandra Lebenthal breached their fiduciary duties owed to them as prospective clients.  See Doc. No. 1, p. 9.  The Plaintiffs state that because James and Alexandra Lebenthal were investment advisor representatives licensed with the United States Securities and Exchange Commission ("SEC"), and were officers and shareholders of Holdings and LAM, the Defendants owed them a fiduciary duty under common law and federal securities statutes, which required them to give faithful, honest service, and act in the Plaintiffs' best interests.  The Plaintiffs allege the Defendants received nonpublic financial information to develop a comprehensive written investment allocation strategy for the Plaintiffs.

The Plaintiffs state James Lebenthal utilized all the information he obtained from the Plaintiffs to build a financial profile for the Plaintiffs and build an asset allocation model.  The Plaintiffs contend James Lebenthal was specifically informed in December 2014, that the Plaintiffs were selling a real estate asset with significant capital gains and the Plaintiffs had planned to rely on Internal Revenue Code Section 1031 to defer capital gain taxes in order to purchase another real estate asset.  This like-kind exchange is a common mechanism to exchange appreciated property for new property without incurring capital gain taxes.  The Section 1031 exchange ("1031 exchange") would have allowed the Plaintiffs to defer all the capital gains tax on the sale and to invest all the proceeds into one more replacement real estate asset(s).  The Plaintiffs had an estimated closing date on the real estate sale in early January 2015, and were reviewing possible

replacement assets in December 2014; the Plaintiffs state these facts were disclosed to James Lebenthal in December 2014.

At a January 6, 2015, meeting the Plaintiffs expressed to Lebenthal the potential of deferring the taxes and any investment recommendations would need to generate returns greater than the tax deferral and real estate asset benefits.  It is alleged the estimated taxes would have been approximately $500,000.  At the same meeting, James Lebenthal gave the Plaintiffs a printed power point presentation. The power point displayed LAM as the asset manager and displayed James Lebenthal as the CEO.   The Plaintiffs contend the power point was a marketing piece emphasizing the fiduciary duty the Defendants owed the Plaintiffs.

The Plaintiffs allege the actions of the Defendants fell below the industry standard of care. The Plaintiffs argue the Defendants breached this duty by ignoring the tax deferral benefits and inducing the Plaintiffs to abandon their planned 1031 exchange.  The Plaintiffs further allege the Defendants violated N.D.C.C. §§ 10-04-02 and 10-04-17 by acting in concert, as joint-venturers, co-conspirators, partners, alter egos, aiders, and co-participants, and as agents of each other within the course of their employment and duties with Holdings and LAM, respectively.  The Plaintiffs argue the Defendants are liable for each other's behavior under employment; agency; securities law, industry custom, and practice.

The Plaintiffs filed this action in the Northeast Central Judicial District of North Dakota against James B. Lebenthal, Alexandra Lebenthal, and DOES 1 to 10, alleging the Defendants breached their fiduciary duty, engaged in constructive fraud, acted negligently, and violated the North Dakota Securities Act.  In response to the complaint, the Defendants removed the action to this Court and James Lebenthal filed the instant motion to dismiss for failure to state a claim on August 14, 2020.  See Doc. No. 11.  The Plaintiffs filed a response in opposition to the motion on

September 4, 2020, requesting the Court deny the motion and allow the Plaintiffs leave to file an amended complaint.  <u>See</u> Doc. No. 20.  On September 18, 2020, James Lebenthal filed a reply brief.  <u>See</u> Doc. No. 25.  On August 14, 2020, James Lebenthal filed a motion requesting oral argument regarding his motion to dismiss.  <u>See</u> Doc. No. 14.  On October 19, 2017, the Plaintiffs filed a Financial Industry Regulatory Authority ("FINRA") arbitration action against Lebenthal & Co. LLC, Lebenthal Wealth Advisors, LLC, Alexandra Lebenthal, and James Lebenthal.  The record is scarce pertaining to the nature of the arbitration.  However, the record reveals the arbitration took place on February 20, 2020, - February 29, 2020, in Bismarck, North Dakota.  Pursuant to FINRA practices, FINRA sets the venue where the Plaintiffs reside.

## II.    <u>STANDARD OF REVIEW</u>

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a pleading to contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Rule 12(b)(6) of the Federal Rules of Civil Procedure mandates the dismissal of a claim if there has been a failure to state a claim upon which relief can be granted.  In order to survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009).  A plaintiff must show that success on the merits is more than a "sheer possibility."  <u>Id.</u>  A complaint is sufficient if its "factual content . . . allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  <u>Id.</u>  The court must accept all factual allegations as true, except for legal conclusions or "formulaic recitation of the elements of a cause of action."  <u>Id.</u> at 681.  Detailed factual allegations are not necessary under the Rule 8 pleading standard, rather a plaintiff must set forth grounds of its entitlement to relief which

"requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). A complaint does not "suffice if it tenders a naked assertion devoid of further factual enhancement." Ashcroft, 556 U.S. at 678. The determination of whether a complaint states a claim upon which relief can be granted is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 679. Dismissal will not be granted unless it appears beyond doubt the plaintiff can prove no set of facts entitling plaintiff to relief. Ulrich v. Pop Cnty, 715 F.3d 1054, 1058 (8th Cir. 2013).

## III.   LEGAL DISCUSSION

James Lebenthal contends the Plaintiffs have failed to meet the pleading standards required under United States Supreme Court and Eighth Circuit precedent, failed to state claims upon which relief can be granted, and this action should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. The Plaintiffs assert they sufficiently alleged James Lebenthal breached his fiduciary duty, engaged in constructive fraud, acted negligently, and violated the North Dakota Securities Act.

The pleading standard under Rule 12(b)(6) contemplates that plaintiffs will often be unable to prove definitely the elements of the claim before discovery, particularly in cases where the necessary information is within the control of the defendants. Ash v. Anderson Merchandisers, LLC, 799 F.3d 957, 961 (8th Cir. 2015). The pleading standard only requires the plaintiff allege sufficient facts to state a plausible claim. Id. The Court finds the Plaintiffs have pled sufficient facts in their complaint to support their claims against James Lebenthal. The motion to dismiss the Plaintiffs' claims against James Lebenthal is denied.

The Plaintiffs requested leave to file an amended complaint in their response brief.  See Doc. Nos. 20 and 22.  The Defendant opposed the motion in his reply brief.  See Doc. No. 25. Federal Rule of Civil Procedure 15(a) states:

> **(a)  Amendments Before Trial.**
>
> > **(1)** *Amending as a Matter of Course.*  A party may amend its pleading once as a matter of course within:
> >
> > > **(A)** 21 days after serving it, or
> > >
> > > **(B)** if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.
> >
> > **(2)** *Other Amendments.*  In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave.  The court should freely give leave when justice so requires.

Fed. R. Civ. P. 15(a).  Rule 15(a)(2) provides that the Court may permit a party to amend the pleadings when justice so requires.  It is generally left to the court's discretion whether to grant leave to file an amended pleading.  Gamma-10 Plastics, Inc. v. Am. President Lines, Ltd., 32 F.3d 1244, 1255 (8th Cir. 1994); Williams v. Little Rock Mun. Water Works, 21 F.3d 218, 224 (8th Cir. 1994); Brown v. Wallace, 957 F.2d 564, 566 (8th Cir. 1992).  "Unless there is a good reason for denial, 'such as undue delay, bad faith, or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of the amendment, leave to amend should be granted.'"  Becker v. Univ. of Neb. At Omaha, 191 F.3d 904, 907-08 (8th Cir. 1999) (original citation omitted).  Fed. R. Civ. P. 15(a).  This is the Plaintiffs' first request to amend the complaint.  At this stage, the Court concludes it is in the interests of justice to grant the Plaintiffs leave to file an amended complaint to assert additional claims supported by the pleadings and record.

IV.     <u>**CONCLUSION**</u>

The Court has carefully considered the entire record, the parties' briefs, and the relevant case law.  For the reasons set forth above, the Court **DENIES** James Lebenthal's motion to dismiss for failure to state a claim (Doc. No. 11), finds **MOOT** the Defendant's motion to requesting oral arguments (Doc. No. 14), and **GRANTS** the Plaintiffs leave to file an amended complaint (Doc. No. 22).  The Plaintiffs shall file an amended complaint within thirty (30) days from the date of this order.

**IT IS SO ORDERED.**

Dated this 4th day of January, 2021.

*/s/  Daniel L. Hovland*
Daniel L. Hovland, District Judge
United States District Court